T.C. Memo. 1996-255


UNITED STATES TAX COURT


ESTATE OF HILDA F. CORBETT, DECEASED, MICHAEL A. SWEENEY,
ADMINISTRATOR, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket Nos. 13791-94, 13792-94.          Filed June 3, 1996.


<u>Michael A. Sweeney</u>, for petitioner.

<u>Terry W. Vincent</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  These cases were consolidated for trial, briefing, and opinion.  By notices dated May 11, 1994, respondent determined a deficiency in decedent's 1990 gift tax in the amount of $23,029 and in petitioner's estate tax in the amount of $47,061.  The issue before the Court is whether petitioner may

disavow the form of, and previous tax reporting relating to, a transaction. We hold that petitioner may not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petitions in these cases were filed, James E. Corbett, Executor, resided in Akron, Ohio. James E. Corbett died on March 28, 1995. Michael A. Sweeney, the duly appointed and acting Administrator of the Estate of Hilda F. Corbett, and the Estate of Hilda F. Corbett have mailing addresses in Akron, Ohio.

Hilda F. Corbett was married to James E. Corbett during all relevant periods until her death in 1992. James and Hilda's son, David, was married to Billie Jean Corbett during all relevant periods. In May 1974, David and Billie Jean purchased a house located at 2424 West Market Street in Akron, Ohio (the House), for $68,000.

During 1986, David and Billie Jean experienced financial difficulties. As of March 20, 1986, the House was subject to mortgages of approximately $68,000, and David and Billie Jean owed approximately $4,000 in back taxes. David asked his father, James, for $72,000 to pay off these debts.

James agreed to give David $72,000 on the condition that David transfer to James and Hilda the title to the House. David agreed to do so. On March 20, 1986, David and Billie Jean transferred the House in fee simple to James and Hilda by survivorship deed for $72,000. The transfer was reported in this

manner to the Summit County, Ohio, auditor's office. The fair market value of the House exceeded $72,000 at the time of the transfer. In each of the years 1986-90, James and Hilda claimed Federal income tax deductions for the real property taxes paid on the House. David and Billie Jean, however, continued to live in the House and did not pay rent.

In 1990, Richard M. Hamlin, a neighbor of David and Billie Jean, approached them with an offer to purchase the House for $300,000. David discussed the offer with his father, and a decision was made to sell the House. On September 24, 1990, James and Hilda transferred the House to David and Billie Jean by general warranty deed for no consideration. The transfer was reported in this manner to the Summit County, Ohio, auditor's office. Two days later, David and Billie Jean sold the House to Hamlin for $300,000. James and Hilda chose to split the gift as permitted by section 2513 of the Internal Revenue Code, and Hilda filed a gift tax return that reported the September 24, 1990, transfer as a gift valued at $130,000 (i.e., $150,000 minus the $10,000 annual exclusions for both David and Billie Jean).

On October 13, 1992, Hilda died. Her estate tax return was filed on July 7, 1993. The estate tax return reported the 1990 transfer of the House from James and Hilda to David and Billie Jean as a gift.

Respondent conducted an audit of petitioner's estate tax return and discovered that both Hilda's 1990 gift tax return and

the estate tax return failed to reflect certain taxable gifts that Hilda had previously reported. In 1990, when Hilda reported on a gift tax return her share of the $300,000 transfer (i.e., $130,000), she listed prior taxable gifts of $480,000 (i.e., the amount she reported transferring in 1989). In fact, Hilda had previously reported taxable gifts of $610,488.44, as shown in the following chart:

| Date | Taxable Gifts |
|---|---|
| March 1976 | $5,988.44 |
| December 1976 | 10,500.00 |
| September 1979 | 34,000.00 |
| December 1979 | 80,000.00 |
| 1989 | 480,000.00 |
| Total | 610,488.44 |

Respondent has proposed an adjustment to prior taxable gifts of $130,488 (i.e., $610,488 minus $480,000). This adjustment would have the effect of increasing Hilda's 1990 gift tax liability by $23,029 and the estate tax liability by $47,061.

Petitioner has conceded that Hilda omitted $130,488 in prior taxable gifts that should have been included on her 1990 gift tax return and on the estate tax return. Petitioner contends, however, that the characterization of the 1986 transaction as a sale and of the September 24, 1990, transaction as a gift were in error.

OPINION

Petitioner contends that James and Hilda should not be treated as having transferred the House to David and Billie Jean

in 1990, because notwithstanding James and Hilda's 1986 payment of $72,000 for legal title to the House, David and Billie Jean at all times retained their full interest in the House.  According to petitioner, this position is justified because legal title was transferred for less than fair market value and because David and Billie Jean retained exclusive use, control, and enjoyment of the House.  For support, petitioner cites section 2036 of the Internal Revenue Code.

Section 2036(a) provides in relevant part:

> The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death--
>
> (1) the possession or enjoyment of, or the right to the income from, the property * * *

Petitioner contends that if either David or Billie Jean had died during the 1986-90 period, the estate would have been required to include the value of the House, because David and Billie Jean retained "the possession or enjoyment" of the House after the 1986 transaction.  Petitioner further contends that if David and Billie Jean did not effectively transfer the House to James and Hilda in 1986, James and Hilda could not have transferred the House back to David and Billie Jean in 1990,

because "one cannot make a gift of something that one does not own."

Based on the foregoing analysis, petitioner concludes that Hilda was not liable for any gift tax as a result of the September 24, 1990, transfer of legal title to the House from James and Hilda to David and Billie Jean.  For the reasons discussed below, we reject petitioner's attempt to recharacterize the 1986 and 1990 transactions.

In Commissioner v. Danielson, 378 F.2d 771 (3d Cir. 1967), vacating en banc 44 T.C. 549 (1965), the U.S. Court of Appeals for the Third Circuit imposed a limitation on a taxpayer's ability to prevail when using a "substance over form" argument. The taxpayers in Danielson entered into covenants not to compete as part of a stock sale transaction.  The purchase agreement allocated part of the consideration to the covenants.  The taxpayers reported on their Federal income tax returns that all the proceeds from the transaction were from the sale of capital assets.  The taxpayers defended their position by contending that the allocation set forth in the agreement had no economic foundation.  In rejecting the taxpayer's position, the court adopted the following rule:  "a party can challenge the tax consequences of his agreement as construed by the Commissioner only by adducing proof which in an action between the parties to the agreement would be admissible to alter that construction or to show its unenforceability because of mistake, undue influence,

fraud, duress, etc."  Id. at 775 (the Danielson Rule).  In reaching its conclusion, the court cited several factors, including "whipsaw" problems the Government would encounter if taxpayers could unilaterally disavow the form of their transactions for Federal tax purposes.  The U.S. Court of Appeals for the Sixth Circuit, the circuit to which this case is appealable, has generally adopted the Danielson Rule.  See Schatten v. United States, 746 F.2d 319 (6th Cir. 1984).

Not all circuits have adopted the Danielson Rule in cases where taxpayers from the outset have taken tax reporting positions consistent with their view of the substance of the transaction.  But it is generally accepted that taxpayers may not execute a transaction in one form, file returns consistent with that form, and then argue for an alternative tax treatment after their returns are audited.  See, e.g., Little v. Commissioner, T.C. Memo. 1993-281 (concluding that taxpayers "are entitled to attack the form of their transaction only when their tax reporting and other actions have shown an honest and consistent respect for what they argue is the substance of the transaction.").

In Estate of Durkin v. Commissioner, 99 T.C. 561 (1992), supplementing T.C. Memo. 1992-325, we considered and rejected an attempt by a taxpayer to disavow the form of, and previous tax reporting relating to, a transaction.  The taxpayer in that case engaged in two simultaneous transactions with an unrelated

individual involving (1) the taxpayer's purchase of property and (2) the taxpayer's sale of stock. The parties allocated the consideration exchanged in the two transactions in a manner that minimized tax liability. The allocations, however, did not reflect economic reality. On audit, the Commissioner determined that the taxpayer had purchased the property at a bargain price and that the bargain element should be treated as a constructive dividend. Implicitly acknowledging the validity of the Commissioner's position, the taxpayer sought to recharacterize the purchase as a stock redemption, which would have had the effect of converting ordinary income to capital gain.

The Court cited three reasons for rejecting the taxpayer's argument: (1) The taxpayer sought to disavow its own tax return treatment of the transaction; (2) the taxpayer's tax reporting and actions did not show "an honest and consistent respect for the substance of * * * [the] transaction"; and (3) the taxpayer was unilaterally attempting to have the transaction treated differently after it had been challenged by the Commissioner. Id. at 574-575 (quoting Estate of Weinert v. Commissioner, 294 F.2d 750, 755 (5th Cir. 1961), revg. and remanding 31 T.C. 918 (1959)).

The circumstances in the present case are similar to those in Estate of Durkin v. Commissioner, supra. First, petitioner seeks to disavow its own tax return treatment of the transaction. From 1986-90, James and Hilda deducted on their joint Federal

income tax returns the real property taxes relating to the House. Moreover, Hilda did not file a gift tax return for 1986. Yet petitioner now contends that James and Hilda gave David and Billie Jean $72,000 in exchange for no consideration. In addition, Hilda reported the 1990 transfer of the House to David and Billie Jean as a $130,000 gift for Federal tax purposes.

Second, Hilda's tax reporting and actions did not show an honest and consistent respect for what petitioner now contends was the substance of the transaction. The inconsistent tax reporting is described above. In addition, Hilda recorded the 1986 transaction as a transfer of the House for $72,000 and recorded the 1990 transaction as a transfer of the House for no consideration. Both of these actions are consistent with the making of a gift in 1990 and inconsistent with the making of a gift in 1986.

Third, petitioner did not attempt to challenge the tax treatment of the 1986 and 1990 transactions until respondent discovered that petitioner had failed to include previously reported gifts on the estate tax return.

Because Hilda treated the 1986 transaction as a sale and the 1990 transaction as a gift for both Federal tax and State law purposes prior to respondent's audit, we hold that petitioner may not now challenge Hilda's characterization of the 1986 and 1990 transactions.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.